IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICOLE HAWKINS, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:09-cv-98-SJM-SPB |
| ) | |
| v. ) | |
| ) | |
| MARILYN BROOKS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM JUDGMENT ORDER**

Plaintiff's complaint in this civil rights action was received by the Clerk of Court on May 1, 2009 and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The Magistrate Judge's Report and Recommendation, filed on May 6, 2011 [162], recommends that the Defendants' motion [149] for summary judgment be granted and that the Defendants' Partial Motion to Dismiss Amended Complaint [141] be dismissed as moot. Plaintiff's objections [163] were filed on May 18, 2011.

After de novo review of the complaint and documents in the case, together with the Report and Recommendation and Plaintiff's objections thereto, the Court concludes that it will adopt the Report and Recommendation in part.

Specifically, this Court will adopt the Magistrate Judge's recommendation in Part II(A) that the Defendants' Partial Motion to Dismiss [141] be dismissed as moot. As to the issues raised in this motion, there is no dispute or disagreement which needs to be resolved by the Court.

In addition, this Court will adopt Part II(C)(1) of the Report and Recommendation, inasmuch as the Court agrees that there is no genuine dispute as to

any material fact with respect to Defendant Brooks' defense that the claims against her are barred by the applicable statute of limitations. Accordingly, Defendant Brooks is entitled to judgment as a matter of law.

Finally, I will adopt Part II(C)(2) of the Report and Recommendation based on my agreement with the Magistrate Judge's conclusion that Plaintiff has failed to demonstrate the existence of any genuine issue of fact as would establish the personal involvement of Defendants Winstead and Beard in the retaliatory acts Plaintiff claims to have suffered, rendering judgment as a matter of law appropriate as to those Defendants.

However, the Court declines to adopt Part II(C)(3) of the Report and Recommendation, inasmuch as I find that there are material issues of fact on this record concerning whether Defendants Cerami and Rogers engaged in acts of mail tampering and, if so, whether their actions were motivated by a retaliatory animus. Accordingly, the claims against Defendants Cerami and Rogers are sufficient to withstand summary judgment and Defendants' motion for summary judgment will be denied as to those particular claims.

As for Plaintiff's only remaining state law claim – the Defendants' alleged intentional infliction of emotional distress,[1] the Magistrate Judge concluded that there was no independent basis for exercising federal jurisdiction over this claim, making dismissal of the claim appropriate. Based on my conclusion that Plaintiff's claims against Defendants Cerami and Rogers will survive summary judgment, however, I must address the Plaintiff's claim for intentional infliction of emotional distress on its merits. As to this cause of action, it is well established that only the most egregious conduct will support liability, *see Swisher v. Pitz*, 868 A.2d 1228, 1231 (Pa. Super.

---

[1] As the Magistrate Judge noted in her Report and Recommendation, Plaintiff has agreed to withdraw her defamation claim. Accordingly, we need not address this claim further.

2005) (citing cases), and "it is for the court to determine in the first instance whether the defendant's conduct may reasonably be regarded as so extreme and outrageous to permit recovery." *Id.* (*citing Johnson v. Caparelli*, 625 A.2d 668, 671 (Pa. Super. 1993)). Indeed, it has been stated that the Defendant's conduct "must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Hoy v. Angelone*, 720 A.2d 745, 754 (Pa. 1998) (quoting *Buczek v. First National Bank of Mifflintown*, 531 A.2d 1122, 1125 (Pa. Super. 1987)). Based on this record, Plaintiff has clearly failed to adduce facts which could satisfy this high standard. Accordingly, entry of summary judgment in favor of the Defendants is appropriate as to this particular claim.

Based upon the foregoing, the following order is entered:

AND NOW, this 8th Day of June, 2011;

IT IS ORDERED that the Defendants' motion for summary judgment [149] be, and hereby is, GRANTED in part and DENIED in part as follows:

1. As to Plaintiff's § 1983 claims against Defendant Brooks, said motion is GRANTED and JUDGMENT is hereby entered in favor of Defendant Brooks and against Plaintiff;

2. As to Plaintiff's §1983 claims against Defendants Winstead and Beard based on alleged supervisory liability, said motion is GRANTED and JUDGMENT is hereby entered in favor of Defendants Winstead and Beard and against Plaintiff;

3. As to Plaintiff's state law claim premised upon the alleged intentional infliction of emotional distress, said motion is GRANTED and JUDGMENT is hereby entered in favor of Defendants and against Plaintiff; and

4. As to Plaintiff's §1983 claims against Defendants Cerami and Rogers based upon alleged retaliatory acts of mail tampering, said motion is DENIED.

IT IS FURTHER ORDERED that Defendant's Partial Motion to Dismiss Amended Complaint [141] be, and hereby is, DISMISSED as moot.

The Report and Recommendation of Magistrate Judge Baxter, filed on May 6, 2011 [162], is adopted as the opinion of this Court to the extent set forth herein.

                                                    s/ <u>Sean J. McLaughlin</u>

                                                    SEAN J. McLAUGHLIN
                                                    United States District Judge

cm:    All parties of record

        U.S. Magistrate Judge Susan Paradise Baxter